PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

AO 243 (Rev. 2/95)

| UNITED STATES DISTRICT COURT | District Massachusetts | 04-30240-MAP |
|---|---|---|
| Name of Movant Michael Ranger | Prisoner No. 90760-038 | Case No. 03-30030 |
| Place of Confinement F.C.I. Estill | | |

UNITED STATES OF AMERICA        V.    Michael Ranger

(name under which convicted)

### MOTION

1. Name and location of court which entered the judgment of conviction under attack _____

   U.S. District Court, 1550 Main St Springfield. M.A. 01103 _____

2. Date of judgment of conviction 12-23-03

3. Length of sentence 151 months

4. Nature of offense involved (all counts) Count One: Distribution and Possession w/intent to Distribute Cocaine base; and Count Two: Distribution and Possession w/intent to Distribute Cocaine Base.  21 USC §841(a)(1).

5. What was your plea?  (Check one)
   (a) Not guilty          ☐
   (b) Guilty              ☒
   (c) Nolo contendere     ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   N/A _____

6. If you pleaded not guilty, what kind of trial did you have?  (Check one)
   (a) Jury           ☐
   (b) Judge only     ☐

7. Did you testify at the trial?
   Yes ☐       No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐       No ☒

(2)

AO 243 (Rev. 2/95)

9.  If you did appeal, answer the following:

(a) Name of court  N/A

(b) Result  N/A

(c) Date of result  N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ☐        No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court  N/A

(2) Nature of proceeding N/A

(3) Grounds raised  N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐        No ☒

(5) Result  N/A

(6) Date of result  N/A

(b) As to any second petition, application or motion give the same information:

(1) Name of court  N/A

(2) Nature of proceeding  N/A

(3) Grounds raised  N/A

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐     No ☒

(5) Result ____N/A_____

(6) Date of result __N/A_____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.        Yes ☐     No ☒
    (2) Second petition, etc.     Yes ☐     No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

There was no law supporting the issues raised within this instant

motion.  Therefore, no appeal was filed.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    Caution:   If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self–incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: Sentencing court violated Sixth Amendment right to Federal Constitution by enhancing petitioners sentence based on preponderance of evidence standard.

Supporting FACTS (state *briefly* without citing cases or law)

(SEE MEMORANDUM OF LAW)

B.    Ground two: Sentencing court used erroneous statutory maximum to calculate the petitioners career offender guidleine.

Supporting FACTS (state *briefly* without citing cases or law)

(SEE MEMORANDUM OF LAW)

C.    Ground three: N/A

Supporting FACTS (state *briefly* without citing cases or law)

N/A

AO 243 (Rev. 2/95)

D.    Ground four: _____ N/A _____

Supporting FACTS (state *briefly* without citing cases or law) _____
_____ N/A _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: Grounds raised are based on the Supreme Court's

recent decision in Blakely -vs- Washington, 159 L.Ed.2d 403. Which

states that the petitioners sentence that was enhanced by the judge

using the preponderence standard to determine the drug amount that

the petitioner should be held accountable for, and Blakely redefined
the petitioners statutory maximum guideline range.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a) At preliminary hearing _____ N/A _____

(b) At arraignment and plea _____ Terry S. Nagel. _____

(c) At trial _____ N/A _____

(d) At sentencing _____ Terry S. Nagel _____

AO 243 (Rev. 2/95)

(e) On appeal __N/A_____

_____

(f) In any post-conviction proceeding __N/A_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding ___N/A_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐        No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐        No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: __N/A_____

_____

_____

(b) Give date and length of the above sentence: ___N/A_____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐        No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_11- 2 4 - 0 4_____
(Date)

_Michael Bre_____.
Signature of Movant

(7)

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN SECTION


UNITED STATES OF AMERICA,     /
                              /
                              /
-VS-                          /   Case #03-30030
                              /
                              /
Michael Ranger,              /
                              /
_____/


MEMORANDUM OF LAW
IN SUPPORT OF 28 U.S.C. §2255


Michael Ranger #90760-038
Federal Correctional Institution
P.O. Box 699
Estill, South Carolina 29918

### STATEMENT OF CASE

The petitioner was indicted by a Federal Grand Jury for violating 21 U.S.C. §841(a)(1), Distribution, and Possession w/intent to Distribute Cocaine Base.

Count One charges that, on or about 23, 2002, in Hampden County, in the district of Massachusetts, the petitioner did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a **detectable amount** of cocaine base, a Schedule II controlled substance.

Count Two charges that, on or about October 28, 2002, in Hampden, in the District of Massachusetts, the petitioner did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a **detectable amount** of cocaine base, a Schdule II controlled substance.

On June 30, 2003, the petitioner appeared in U.S. District Court via a Writ ofHabeas Corpus ad Prosequendum for initial appearance. The Writ was issued as the defendant was arrested on June 11, 2003, by Massachusetts State authorities on unrelated charges. On June 11, 2003, the initial appearance and detention hearing was held before judge Kenneth P. Neiman,, and continued to July 2, 2003.  On July 2, 2003, the defendant appeared again in U.S. District Court via a Writ of Habeas Corpus as Prosequendum and waived the issue of detention.

On October 8, 2003, the petitioner appeared with counsel before district judge Michael A. Ponsor, and pleaded guilty to Counts 1 and 2 of the indictment.  After accepting the defendant's plea of guilty, Judge Ponsor continued the matter for disposition, which was scheduled for December 17, 2003.

On December 17, 2003, the petitioner was sentenced to 151 months incarceration pursuant to the governments indictment. There was no appeal filed pursuant to the instant case based on the fact that there was no existing case law to support the suspected violation of his sixth amendment right of the federal constitution.

On June 24, 2004, the United States Supreme court decided in <u>Blakely -vs- Washington</u>, 159 L.Ed.2d 403 (2004):

The defendant in <u>Blakely</u> pleaded guilty to a State of Washington charge of second-degree kidnaping involving domestic violence and use of a firearm. <u>Id</u>. at 2535. Blakely admitted the essential elements of the offense but no other relevant facts. <u>Id</u>. Under state law, he faced a 10-year maximum sentence. <u>Id</u>. However, under the State's sentencing guideline regime, the "standard range" for the offense of second-degree kidnaping with a firearm was 49-53 months. <u>Id</u>. Under the State's sentencing scheme, a judge could impose a sentence above the standard range by finding "substantial and compelling reasons justifying an exceptional sentence." <u>Id</u>. After conducting a lengthy evidentiary hearing and issuing 32 findings of fact, the sentencing court imposed an exceptional sentence of 90 months on the ground that Blakely had acted with "deliberate cruelty," which was an enumerated ground for upward departure in domestic violence cases. <u>Id</u>.

Relying on its earlier decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000) and <u>Ring v. Arizona</u>, 536 U.S. 584, 592-93 (2002), the Court struck down the sentence on the grounds that the State's sentencing procedure violated Blakely's Sixth Amendment right to trial by jury. The Court rejected the State's

facts.  Id.  Under state law, he faced a 10-year maximum
sentence.  Id.  However, under the State's sentencing guideline
regime, the "standard range" for the offense of second-degree
kidnaping with a firearm was 49-53 months.  Id.  Under the
State's sentencing scheme, a judge could impose a sentence above
the standard range by finding "substantial and compelling reasons
justifying an exceptional sentence."  Id.  After conducting a
lengthy evidentiary hearing and issuing 32 findings of fact, the
sentencing court imposed an exceptional sentence of 90 months on
the ground that Blakely had acted with "deliberate cruelty,"
which was an enumerated ground for upward departure in domestic
violence cases.  Id.

     Relying on its earlier decisions in Apprendi v. New Jersey,
530 U.S. 466, 490 (2000) and Ring v. Arizona, 536 U.S. 584, 592-
93 (2002), the Court struck down the sentence on the grounds that
the State's sentencing procedure violated Blakely's Sixth
Amendment right to trial by jury.  The Court rejected the State's
Argument that there was no Apprendi violation because the
relevant "statutory maximum" was not the 53-month maximum of the
standard guideline range but, instead, the 10-year maximum for
class B felonies, including second-degree kidnaping.  Id. at
2537.  The Court clarified its earlier rulings in Apprendi and
Ring as to the relevant statutory maximum for purposes of
analyzing an alleged Apprendi violation:

          Our precedents make clear, however, that the
          'statutory maximum' for Apprendi purposes is
          the maximum sentence a judge may impose
          solely on the basis of the facts reflected in

> the jury verdict or admitted by the
> defendant. [citations and quotations omitted]
> In other words, the relevant 'statutory
> maximum' is not the maximum sentence a judge
> may impose after finding additional facts,
> but the maximum he may impose without any
> additional findings.

Id. (emphasis in original).

Thus, a sentencing judge exceeds his proper authority when he "inflicts punishment that the jury's verdict alone does not allow" because the jury has not found all the essential facts upon which the sentence must be based. Id. Because the facts admitted in Blakely's guilty plea were insufficient to support the exceptional 90-month sentence imposed after the sentencing judge made additional factual findings, the sentence was invalid under the Sixth Amendment. Id. at 2537.

In her dissenting opinion, Justice O'Connor noted that "[u]nder the majority's approach, any fact that increases the upper bound on a judge's sentencing discretion is an element of the offense. Thus, facts that historically have been taken into account by sentencing judges to assess a sentence within a broad range - such as drug quantity, role in the offense, risk of bodily harm - all must now be charged in an indictment and submitted to a jury . . . " Id. at 2546. Justice O'Connor found no grounds for distinction between the structure of Washington's sentencing system and the Federal Sentencing Guidelines, and, indeed, acknowledged that "the structural difference that do exist make the Federal Guidelines more vulnerable to attack." Id. at 2549. Given the majority's rejection of the "soft

constraints" under the State's sentencing scheme, which allowed
judges to exercise a substantial amount of discretion by finding
one or more aggravating factors justifying an "exceptional
sentence," Justice O'Connor indicate that:

> This suggests that the hard constraints found
> throughout chapters 2 and 3 of the Federal
> Sentencing Guidelines, which require an
> increase in the sentencing range upon
> specified factual findings, will meet the
> same fate. See, e.g., U.S.S.G. § 2K2.1
> (increases in offense level for firearms
> offenses based on number of firearms
> involved, whether possession was in
> connection with another offense, whether the
> firearm was stolen); § 2B1.1 (increase in
> offense level for financial crimes based on
> amount of money involved, number of victims,
> possession of weapon); § 3C1.1 (general
> increase in offense level for obstruction of
> justice).

Id. at 2550 (emphasis added).  Thus, Justice O'Connor concluded
that "[i]f the Washington scheme does not comport with the
Constitution, it is hard to imagine a guideline scheme that
would."  Id.

Since the Supreme Court decided Blakely, the majority of
courts that have addressed the issue have found that Blakely
applies to the Guidelines.  See United States v. Ward, No. 03-
2998, 2004 U.S. App. LEXIS 15298 (7th Cir. July 23, 2004);
United States v. Mooney, No. 02-3388, 2004 U.S. App. LEXIS
15301(8th Cir. July 23, 2004) (per curiam); United States v.
Ameline, No. 02-30326, 2004 U.S. App. LEXIS 15031 (9th Cir. July
21, 2004); United States v. Montgomery, No. 03-5256, 2004 U.S.
App. LEXIS 14384 (6th Cir. July 14, 2004) vacated
upon grant of reh'g en banc (July 19, 2004) and voluntarily

dismissed (July 23, 2004); United States v. Booker, No. 03-4225, 2004 U.S. App. LEXIS 14223 (7th Cir. July 9, 2004); United States v. Gibson, No. 1:04-cr-12 (D. Vt. July 30, 2004); United States v. Mueffleman, Crim. No. 01-CR-10387-NG, 2004 U.S. Dist. LEXIS 14114 (D. Mass. July 26, 2004); United States v. Zompa, Crim. No. 04-46-P-S-01, 2004 U.S. Dist. LEXIS 14335 (D.Me. July 26, 2004); United States v. Carter, 2004 U.S.Dist. LEXIS 14433 (C.D. Ill. July 23, 2004); United States v. Parson, No. 6:03-cr-204-Orl-31DAB (M.D. Fla. July 22, 2004); United States v. Sisson, Cr. No. 01-10185-EFH, 2004 U.S.Dist. LEXIS 14162 (D. Mass. July 21, 2004); United States v. Khoury, No. 6:04-cr-24-Orl-31DAB (M.D. Fla. July 21, 2004); United States v. Terrell, No. 8:04CR24, 2004 U.S. Dist. LEXIS 13781 (D. Neb. July 22, 2004); United States v. Marrero, No. 04 Cr. 0086 (JSR), 2004 U.S. Dist. LEXIS 13593 (S.D.N.Y. July 21, 2004); United States v. Sweitzer, No. 1:CR-03-087-01 (M.D.Pa. July 19, 2004); United States v. Harris, Crim. No. 03-244-03, 2004 U.S. Dist. LEXIS 13290 (W.D.Pa. July 16, 2004); United States v. Lockett, Crim. No. 3:04CR017, 2004 U.S. Dist. LEXIS 13710 (E.D.Va. July 16, 2004); United States v. Landgarten, No. 04-CR-70, 2004 U.S. Dist. LEXIS 13172 (E.D.N.Y. July 15, 2004); United States v. Einstman, No. 04 Cr. 97 (CM), 2004 U.S.Dist. LEXIS 13166 (S.D.N.Y. July 14, 2004); United States v. Leach, Crim. No. 02-172-14, 2004 U.S. Dist. LEXIS 13291 (E.D.Pa. July 13, 2004); United States v. Croxford, No. 2:02-CR-00302PGC, 2004 U.S. Dist. LEXIS 12825 (D. Utah July 12, 2004); United States v. Khan, No. 02-CR-1242, 2004 U.S. Dist. LEXIS

## LEGAL ANALYSIS

According to the aforementioned facts, the sentencing court relied upon the United States Probation Officers recommendation that the petitioner should be held accountable for at least 2 grams but no more than 3 grams of cocaine base. The petitioners indictment reffered to a "**detectable amount**" of cocaine base, which is not a specific drug amount. Nor was there a jury determination beyond a reasonable doubt that the petitioner should be held accountable for a specific drug amount, and there was no plea agreement in this case that specified a specific amount of drugs.

The offense level for a **general violation** of 21 U.S.C. §841(a)(1), is Offense Level 12. See U.S.S.G. §2D1.1, (Drug Quantity Table).

Therefore, based on the aforementioned law and facts, the petitioner's sentence of 151 months is unconstitutional, and the petitioners guideline range for a general violation of 21 U.S.C. §841(a)(1) is to be calculated as follows:

## CALCULATION OF GUIDELINE RANGE

Based on the petitioners criminal history, the U.S. Probation Officer has classified the petitioner as a Career Offender, pursuant to 18 U.S.C. §4B1.1. See PSR, at page 5, ¶26, 27.

The U.S. Probation Officer erroneously calculated the petitioners sentence based on the career offender guideline by using the wrong **Offense Statutory Maximum** to determine the **Offense level** that the petitioner was to be placed in. The U.S. Probation officer used the **Statutory Provision Maximum** of 20 years, based on the statutory provision that the petitioner was indicted. See PSR at page 5, ¶27, which states:

(27) U.S.S.G. §4B1.1 directs that the offense level is determined by the offense statutory maximum, which, in this instance, is 20 years. Pursuant to §4B1.1(b)(C), the corresponding offense level is 32.

See P.S.R. t pg. 5, ¶27.

Based on the aforementioned law and facts, the petitioners sentence must be recalculated as follows, using the statutory guideline maximum:

**Base Offense Level:**
According to U.S.S.G. §2D1.1(a)(3), the base offense level is specified in the Drug Quantity Table set forth in U.S.S.G. §2D1.1, which states that a **general** **violation** of 21 USC 841(a)(1), where there is no specific drug amount listed, the offense level is Offense Level 12.

According to the petitioners indictment, he was convicted for a **general violation** of 21 U.S.C. §841 (a)(1). Therefore, pursuant to 2D1.1, a general violation of 21 U.S.C. §841(a)(1), the **base offense level of 12** is applicable.

The petitioners criminal history calls for him to be placed in **Criminal History Category VI (21 points).**

**CHAPTER FOUR ENHANCEMENTS:**
CAREER OFFENDER:
The career offender provision at U.S.S.G. §4B1.1 are applicable in this case as: (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence, or a controlled substance offense.

U.S.S.G. §4B1.1 directs that the offense level is determined by the offense statutory maximum, which, in this instance, is 37 months. Pursuant to 4B1.1 (b)(G), the corresponding offense level is 12, (30-37).

Three points are deducted for Acceptance of Responsibility, resulting in a Total Offense Level of 9, (21-27 months).

Total Offense Level: Level 9 - Category VI, (21 - 27).

## CONCLUSION

Wherefore, based on the aforementioned facts and law, the petitioner respectfully requests this honorable court to recall its mandate, and remand the instant case to the Court of Conviction for resentencing.

Respectfully submitted,

*Michael Ranger*

Michael Ranger

## AFFIDAVIT

I declare under the penalty of perjury that the aforementioned is true and correct.

Signed,

*Michael Ranger*

Michael Ranger

---

**EXHIBITS**

---

Michael Ranger #90760-038
Federal Correctional institution
P.O. Box 699
Estill, S.C. 29918



SEALED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 03-300 30ʸMAᵖ |
| ) | |
| ) | 21 U.S.C. § 841 (Distribution |
| v. ) | and Possession with Intent to |
| ) | Distribute Cocaine Base) |
| ) | |
| ) | 18 U.S.C. § 2 (Aiding and |
| MICHAEL RANGER, ) | Abetting) |
| Defendant. ) | |

**SCANNED**

INDICTMENT

The Grand Jury charges that:

COUNT ONE:    (Title 21, United States Code, Section 841:
              Distribution and Possession with Intent to
              Distribute Cocaine Base; Title 18, United States
              Code, Section 2: Aiding and Abetting)

    1.    On or about October 23, 2002, in Hampden County, in the

District of Massachusetts,

                    MICHAEL RANGER,

the defendant herein, did knowingly and intentionally distribute

and possess with intent to distribute a mixture or substance

containing a detectable amount of cocaine base, a Schedule II

controlled substance.

    All in violation of Title 21, United States Code, Section

841(a)(1), and Title 18, United States Code, Section 2.

1

COUNT TWO:          (Title 21, United States Code, Section 841:
                    Distribution and Possession with Intent to
                    Distribute Cocaine Base; Title 18, United States
                    Code, Section 2: Aiding and Abetting)

    1.    On or about October 28, 2002, in Hampden County, in the

District of Massachusetts,

                          MICHAEL RANGER,

the defendant herein, did knowingly and intentionally distribute

and possess with intent to distribute a mixture or substance

containing a detectable amount of cocaine base, a Schedule II

controlled substance.

    All in violation of Title 21, United States Code, Section

841(a)(1), and Title 18, United States Code, Section 2.

2

A TRUE BILL

_____
Foreperson of the Grand Jury

_____
Todd E. Newhouse
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS:

     Returned into the District Court by the Grand
     Jurors and filed on June 15 , 2003.

_____
Deputy Clerk of Court

3