FILED
RK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 DEC 17  P 5: 08

MICHAEL RANGER,                    )
            Petitioner             )
                                   )                    U.       COURT
                                   )
        v.                         )    CA 04-30240-MAP
                                   )    CR 03-30030-MAP
                                   )
UNITED STATES OF AMERICA,          )
            Respondent.            )

GOVERNMENT'S RESPONSE TO MICHAEL RANGER'S MOTION
PURSUANT TO 28 U.S.C. §2255 TO VACATE,
SET ASIDE OR CORRECT HIS SENTENCE

The United States of America, by its undersigned attorneys,

submits this memorandum in response to Michael Ranger's §2255

Motion and Memorandum.

I.    Background

On June 19, 2003 the defendant was indicted in a two count

Indictment which charged him in both counts with distribution of

cocaine base.  The defendant was represented by Attorney Terry

S. Nagel.  The defendant pled guilty to both counts of the

Indictment on October 28, 2003.  There was no plea agreement

entered into between the parties.  The defendant was sentenced on

December 17, 2003 to 151 months in prison, 5 years of supervised

release and ordered to pay a $200 special assessment.  The

defendant was advised of his right to appeal but did not file a

direct appeal.

The defendant now challenges the validity of his sentence.

The defendant raises challenges which are based upon the Supreme

1

Court's decision in <u>Blakely v. Washington</u>, 159 L. Ed. 403 (2004).

II. Facts

In June of 2002 a cooperating witness (CW) began cooperating with the FBI's Western Massachusetts Gang Task Force. The CW consented to the recording of his conversations and a video camera was installed in his car to capture the drug deals on video tape.

The CW was given $260 and a recording device, went to the intersection of Union and Orleans Streets and met Michael Ranger on October 23, 2002 at about 1:08 pm. The CW told Ranger he wanted to buy two 8 balls of crack. Ranger said it would take him time to get the crack and gave the CW his pager number and told him to call in an hour. The CW met with the agents and paged Ranger at 1:55 pm. Ranger said he had the crack and they agreed to meet at Union and Orleans Streets. The CW told Ranger to get into his car but Ranger would not get in. Ranger went behind a building and the CW got out of the car and followed him. Outside the car Ranger said he only had one 8 ball and sold it to the CW for $150. The CW got back into his car, met the agents and gave them the crack cocaine and $110. The lab analysis revealed that the bag contained 1.3 grams of cocaine base in the form of crack cocaine.

On October 28, 2002 the CW met the agents and was given $500 in buy money. The CW went to Union Street and Ranger got into

the car.   The CW drove away and told Ranger that he shorted him

on the last deal.   The video clearly shows Ranger taking the

crack out of his mouth and giving it to the CW.   The CW counted

out the money and handed it to Ranger.   The CW dropped off

Ranger, met the agents and gave them the crack.   The lab analysis

revealed that the bag contained 1.3 grams of cocaine base in the

form of crack cocaine.

III.   Ranger's 2255 Claims Have No Merit

As set forth above, the defendant pled guilty to two counts

of distributing cocaine base.   There were no allegations in the

Indictment pursuant to Apprendi v. New Jersey, 120 S.Ct. 2348

(2000), so the statutory maximum for each count was 20 years.

The defendant's criminal history included three convictions for

drug distribution felonies and one conviction for a violent

felony.   Therefore, defendant was a career offender with an

offense level of 29 after a three level reduction for acceptance

of responsibility.   U.S.S.G. § 4B1.1 (b)(C).   The sentencing

range was 151-188 months and the defendant received a sentence at

the bottom of the range.

The defendant seeks now to have his sentence determined as

follows.   He notes that the offense level for less than 25 grams

of cocaine is 12 and that he is in CHC VI, which results in a

sentencing guideline range of 30-37 months.   Memorandum at 8-10.

The defendant argues, without support, that the maximum which

should be used to calculate the appropriate career offender

guideline range is 37 months, the top of the guideline sentencing

range as he calculates it.  He then states that the appropriate

career offender offense level is 12.  However, because § 4B1.1

clearly looks to the "Offense Statutory Maximum" to determine the

appropriate offense level, the defendant has been sentenced

within the proper range and therefore his motion should be

denied.

IV.   Conclusion

For the reason set forth above, the defendant's motion to

vacate, set aside or correct his sentence should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

by: _____
Todd E. Newhouse
Assistant U.S. Attorney


CERTIFICATE OF SERVICE

December    , 2004

I certify that I have served a copy of the foregoing by mail
on Michael Ranger, pro-se, Reg. No. 90760-038, F.C.I. Estill,
P.O. Box 699, Estill, SC 29918.

_____
Todd E. Newhouse
Assistant U.S. Attorney

4