IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



Michael Ranger,
      Petitioner,

-vs-　　　　　　　　　　　　CA 04-30240-MAP
　　　　　　　　　　　　　　CR 03-30030-MAP

UNITED STATES OF AMERICA,
      Respondent.

PETITIONERS OBJECTION TO THE
GOVERNMENTS RESPONSE TO THE
28 U.S.C. §2255 MOTION

**NOW COMES** Michael Ranger, the petitioner in support of the instant motion states the following:

1. On June 19, 2003, the petitioner was indicted in a two count indictment which charged him in both counts with distribution of cocaine base. The petitioner pled guilty to both counts of the indictment on October 28, 2003. There was no plea agreement entered into between the parties. The defendant was sentenced on december 17, 2003 to 151 months in prison, 5 years supervised release and ordered to pay a special assessment fee of $200.00.

2. The petitioner filed a motion pursuant to 28 U.S.C. §2255 with the court of conviction raising the fact that the probation officer erroneously calculated the Career offender enhancement.

3. On December 17, 2004 the government filed a response to the petitioners 28 U.S.C. §2255 motion, stating the following:

> There were no allegations in the indictment pursuant to Apprendi -vs- New Jersey, 120 S.Ct. 2348 (2000), so the statutory maximum for each count was 20 years; also
>
> because §4B1.1 clearly looks to the 'Offense Statutory Maximum' to determine the appropriate offense level, the defendant (petitioner) has been sentenced within the proper range. . .

See Governments response to 28 U.S.C. §2255 Motion.

4. the petitioner objects to the governments response to the §2255 motion, based on the fact taht the Government is clearly mistaken when they refer to the 20 year maximum listed within the Statutory Provision, as being the Offense Statutory Maximum called for by the indictment as charged. The Indictment, as admitted by the Government, contained no specific allegations within the indictment, therefore, leaving the indictment bare, and showing a general violation of 21 U.S.C. §841(a)(1). Therefore, the Offense Statutory Maximum, as defined in Blakely -vs- Washington, 159 L.ed.2d 403(2004), for Apprendi purposes is the maximum sentence a judge may impose soley on the basis of the facts reflected in the jury verdict or admitted by the defendant. Which is Offense Level 12, the offense level for a General violation of 21 U.S.C. §841(a)(1)(Cocaine Base). Therefore, based on the guideline range called for using the petitioners criminal history point calculation, the petitioners offense level stays at Offense Level 12, but as stipulated within, §4B1.1, the criminal history category for all career offenders is Criminal History Category VI, which is (30-37) months.

Wherefore, based on the aforementioned law and facts, the petitioner respectfully requests this honorable court to vacate, set aside, or correct the petitioners instant sentence of 151 months, based on the fact that the U.S. Probation Officer erroneously calculated the petitioners Career Offender Enhancement, by using the Offense Statutory **Provision** Maximum of twenty (20) years, instead of the Offense Statutory Maximum, called for by the indictment.

The petitioner also requests that this honorable court grant an evidentiary hearing in the so that this matter can be resolved in the name of justice, and the appointment of counsel to represent petitioner during said evidentiary hearing.

The petitioner also respectfully requests that this honorable court hold the instant 28 U.S.C. §2255 motion in abeyance until the United States Supreme Court makes their determination on whether their previous decision in Blakely -vs- Washington, supra, applies to the federal sentencing guidleines.

Respectfully submitted,
*Michael Ranger*
Michael Ranger.

## AFFIDAVIT

I declare under the penalty of perjury that the aforementioned facts are true and correct.

Signed,
*Michael Ranger*
Michael Ranger