UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL RANGER,                )
Petitioner                     )
                               )
           v.                  ) C.A. No. 04-30240-MAP
                               )
UNITED STATES OF AMERICA,      )
Respondent                     )

MEMORANDUM AND ORDER REGARDING PETITIONER'S
MOTION PURSUANT TO 28 U.S.C. § 2255
(Docket No. 1)

August 25, 2005

PONSOR, D.J.

The petitioner has moved to vacate or set aside his sentence, claiming that the court erred in its calculation of the offense level for the purpose of determining the appropriate sentencing range under the federal Sentencing Guidelines. Petitioner has based his claim on the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

The pertinent facts are as follows. Michael Ranger, represented by counsel and without a plea agreement, pled guilty on October 28, 2003 to a two-count indictment for distribution of, and possession with intent to distribute, cocaine base. At sentencing on December 17, 2003, the court, without objection, adopted the contents of the Pre-sentence Report prepared by the probation office and

incorporated them into the sentencing proceeding. The report included the Guidelines calculations at issue here. Based on these calculations the court imposed a sentence of 151 months confinement.

Now petitioner presents a belated objection to the calculation made by the probation officer and adopted by this court. Ranger argues that because no specific amount of cocaine base was explicitly charged in the indictment, nor pled to by him, his conviction was for a general violation of 21 U.S.C. § 841(a)(1), generating a base offense level of 12 under § 2D1.1(c)(14). With a three-point deduction for acceptance of responsibility, he argues, his offense level should have been 9, with a criminal history category of VI. This computation, he claims, should have produced a Guideline range of 21-27 months.

Unfortunately for petitioner, this calculation overlooks the fact that he falls, indisputably, within the category of a "career offender." The calculation of his sentence, therefore, begins with a determination of the statutory maximum based on the violations of § 841(a)(1). Cocaine base, as charged in the indictment and pled to by petitioner, is a Schedule II controlled substance. See 21 U.S.C. § 812. Because no weight or amount was charged in the indictment or pled to by the defendant, the statutory

maximum is twenty years. 21 U.S.C. § 841(b)(1)(C). When applied to the career offender provisions of the Guidelines, § 4B1.1(b)(C), this maximum yields an offense level of 32. A three point reduction for assumption of responsibility yields an offense level of 29. Petitioner's criminal history category of VI results in a Sentencing Guideline range of 151-188 months. This court's imposition of 151 months was, therefore, proper and within the applicable Guideline range.

It is not necessary to conduct an evidentiary hearing as requested by petitioner to decide this issue. Given that the plea and sentencing occurred in 2003, <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), does not apply. The unavoidable fact is that the petitioner's offense level was properly calculated under the career offender section of the Sentencing Guidelines and the sentence imposed by this court was within the Guidelines range. No evidentiary hearing could alter that conclusion.

For these reasons, petitioner's motion to vacate is DENIED and the petition is hereby DISMISSED. This case may now be closed.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR

                                              U. S. District Judge