UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD

Michael Ranger
Petitioner,                     )
                                )    Civil Action
v.                              )    #3:04-cv-30240-MAP.
                                )
                                )    Honorable: Michael Ponsor,
United States of America        )    U.S. District Judge.
(AUSA: Todd E. Newhouse)        )
Respondents.                    )

PETITIONER: RANGER'S APPLICATION FOR CERTIFICATE OF
APPEALABILITY (COA), FOR RANGER'S 28 U.S.C. §2255
MOTION TO VACATE, OR SET ASIDE & OR CORRECT
SENTENCE, THIS APPLICATION IS IN THE INTEREST OF JUSTICE

COMES NOW, Petitioner: Michael Ranger, Pro Per In

Propria Persona Proceeding Sui Juris, hereby moves

this Court to grant Ranger, a Certificate of Appealabilty

as to Ranger's claims in his 28 U.S.C. §2255 Motion.

See: Ranger v. U.S., #3:04-cv-30240-MAP., 28 U.S.C.

§2255 motion, supra, that was denied on: August 25, 2004,

by: U.S.D.J.: Ponsor. This Court has authority to grant

a Certificate of Appealability as to these issues Ranger,

has made a substantial showing of the denial of his Due

Process. Via: (COA)...The Petitioner" "[m]ust demonstrate

that reasonable jurists would find the district Court's

assessment of the constitutional claims debatable or

wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner is not required to show that he should prevail

on the merits. Barefoot v. Estelle, 463 U.S. 880, 893

n.4 (1983).

FACTS

Petitioner initially raised his Due Process & Constit-
utional issues in the district Court, in his initial
§2255 motion under: numerous issues & cases, however,
one of the most blatant Constitutional Due Process
violations that Petitioner raised are as follows:
Due to the complex nature of this Constitutional issue,
it is of supreme importance that the Petitioner clear-
up any misunderstandings that the Government/Respondents
may imply that would refute the Petitioner's claims.

The Petitioner, was violated Due Process, Equal Pro-
tection of the Law & his 5th. 6th & 14th Amendment (s)
of the United States Constitution, via: his enhancements
that was not stated in the indictment, this includes
but not limited to the amount of drugs that the govern-
ment surgically injected after the indictment came
down, generating a "Fundamental Miscarriage of Justice"
& a violation of Petitioner's Due Process, supra.

WHEREFORE, Petitioner Prays that this Honorable Court
grant this Motion for Certificate of Appealability..

Affidavit of: Michael Ranger
Via: Federal Rules of Civil Procedure Rule 56(f)

I, Michael Ranger, states under 18 U.S.C. §1623 & 28
U.S.C. §1746, under the pains & penalties of Perjury the
following to be true, correct, & complete, I state as
Follows:

(2)

1. This is a case in controversy, i.e., Petitioner Ranger, clearly has standing to raise in this Article III Court, pursuant to the United States Constitution.

2. This Court has the power to declare an act of Congress to be repugnant to the Constitution and therefore invalid. Nashville v. Cooper, SC 6 Wall 245-254.

3. Generally, a person attacking the Constitutionality of a Government action must, in order to show the requisite interest, demonstrate that he has been injured or that he will be certainly injured, his interest must be a personal one and not official. U.S. v. Raines, 362 U.S. 17, 21-23 (1960).

4. Indeed, this is precisely the situation that the Supreme Court had in mind when it recognized the exception to the rule of the Brady v. United States, 397 U.S. at 754, 757-58, for cases in which guilty pleas had not been entered intelligently because of government misrepresentations or misconduct. See Miller, 848 F.2d at 1320. As described in Brady v. United States, the Supreme Court wrote that, "[w]e have serious doubts about this case if the encouragement of guilty pleas by offers of leniency substantially increased the likelihood that defendants, advised by competent counsel, would falsely condemn themselves." 397 U.S. at 758. The Court, however, was relying on its expectation that defendants, their counsel, & the

(3)

Courts would have the information necessary to assure
that guilty pleas are entered intelligently. Id.
In the instant case, the government's suppression of
material exculpatory information undermines the safe-
guards on which the decision in Brady v. United States,
relied, and there is substantial reason to believe
Petitioner: Ranger, falsely pled guilty  to avoid a
substantial amount of time. As a result, the Court's
confidence in the outcome of the plea hearing is complet-
ely undermined. The record now impeaches Ranger's plea,
Thus, Ranger is entitled to relief.

   5. A conspiracy is an agreement to commit a crime.
See First Circuit Pattern Instruction 4.03; United States
v. Piper,  35 F.3d 611, 614-15 (1st Cir.1994);
United States v. Richardson, 225 F.3d 46, 53 (1st Cir.2000).
The government must prove that the coconspirators "shared-
a general understanding about the crime." United States
v. Barnes, 251, F.3d 259 n.2 (1st Cir.2001). It must also
prove that the defendant intended that the underlying
crime "conspiracy of Drugs" be comitted. Id. Similarly,
"[t]o aid and abet means intentionally to help someone
else commit a crime." First Circuit Pattern Jury Instr-
uction 4.02; United States v. Spinney, 65 F.3d 231, 234-
35 (1st Cir.1995); U.S. v. Loder, 23 F.3d 586, 590-91
(1st Cir.1994). "This means that the government must
prove beyond a reasonable doubt that the defendant

(4)

Ranger, consciously shared the other person's knowledge
of the underlying criminal act & intented to help him..."
United States v. Henderson, 320 F.3d 92, 110 (1st Cir.
2003).

### PETITIONER: RANGER CAN 'ONLY' BE SENTENCED TO FACTS DECIDED BY A JURY BEYOND A REASONABLE DOUBT STANDARD OF PROOF UNANIMOUSLY

An argument can be made in Petitioner: Ranger's favor,
under the doctrine of avoidance of constitutional doubt
that the sentence enhancements must be proven beyond
a reasonable doubt. See:  "Booker, Reasonable Doubt
survives,: by Steve Sady, Chief Deputy Federal Defender
for Oregon: http://circuit9.blogspot.com/2005/01/booker-
reasonabledoubt-survives.html; see letter memorandum,
Federal Public Defender, District of Oregon, Jan. 31,
2005, http://www.federaldefenders.org/blog_doubtredux.
pdf. The Sentencing Commission (pre-Booker) stated in
its commentary to U.S.S.G. §6A1.3 that it "believes
that the use of a preponerance of the evidence standard
is appropriate to meet due process requirements & policy
concerns..." But as Justice Thomas points out in his
dissent in Booker, "the Court's holding today corrects
this mistaken belief. The Fifth Amendment requires Proof
Beyond A Reasonable Doubt, NOT by the preponderance of
the evidence, of any fact that increases the sentence
beyond what the Grand Jury found,& beyond what could be

(5)

could have been lawfully imposed on the basis of facts
found by the jury or admitted by the defendant."
Booker, 125 S.Ct. at 798 n.6 (Thomas, J., dissenting).
 The preponderance of the evidence standard has no
Statutory basis, & particularly where the government
is attempting to raise the guideline range through
acquitted or uncharged conduct in the indictment, it
can be argued that the potential Fifth Amendment concerns
are best avoided by requiring proof beyond a reasonable
doubt. Cf. Jones v. United States, 526 U.S. 227, 229
(1999); United States v. Pimental, No. 99-cr-10310
(D.Mass. Apr. 15, 2005) (Gertner, J.) (Due Process
requires that significant enhancement facts be proven
beyond a reasonable doubt; Booker, undermined: United
States v. Watts, 519 U.S. 148 (1997), which upheld
enhancements based on Aquitted conduct); United States
v. West, 2005 WL 180930 (S.D.N.Y. Jan. 27, 2005) (Sweet,
J.); United States v. Huerta-Rodriguez, 355 F.Supp.2d
1019, 1028 (D.Neb. Feb. 1, 2005) (Bataillon, J.);
United States v. Gray, ____, F.Supp.2d___, 2005 WL
613645 (S.D.W.Va.Mar.17,2005) (Goodwin, J.).
The Bottom Line: Nothing in Booker, compels a preponder-
ance standard of proof for enhancement facts in the advisory
guideline calculation, & it can be argued that the beyond-
a-reasonable-doubt-standard is appropriate, particularly

(6)

for substantial enhancements or those based on uncharged
or acquitted conduct, not found by the grand jury.

In the wake of United States v. Booker, 76 Crl 251
(U.S.2005), a federal sentencing Court violates a
defendant's (Ranger's) Sixth Amendment right to a
jury trial by taking into account conduct of which the
jury acquitted the defendant or was not found by the
Grand Jury or Petit Jury. The U.S. District Court
for the District of Massachusetts held April 21, 2005:
United States v. Pimental, D.Mass., No. 99-10310-NG.,
4/21/05. It used to be that Courts were able to sentence
defendants under the U.S. Sentencing Guidelines on the
basis of any facts found by the Court under a preponder-
ance of the evidence standard. This meant that relevant
conduct that the jury did not find beyond a reasonable
doubt still be found by the Court & used to boost a
defendant's sentence. U.S. v. Watts, 519 U.S. 148 (1997).
However, federal sentencing procedure has been revolution-
ized by the series of cases beginning with Apprendi  v.
New Jersey, 530 U.S. 466, 67 Crl 459 (2000), which held
any fact, other than prior conviction, that increases a
sentence beyond the statutory maximum must be found in
the indictment & found by a jury beyond a reasonable
doubt. The Booker, Court held--that the mandatory guide-
lines violated the jury trial right as interpreted in

(7)

Apprendi, & declared that they must be applied in an
advisory fashion. In an opinion by Judge: Gertner,
the district court said that Booker has undermined
the holding in Watts, "It makes absolutely no sense
to conclude that the Sixth Amendment is violated when-
ever facts essential to sentencing have been determined
by a judge rather than a jury,...and also conclude that
the fruit of the jury's efforts can be ignored with
impunity by the judge in sentencing, the court reasoned.
'To tout the importance of the jury in deciding facts,
even traditional sentencing facts, & then to ignore the
fruits of its efforts makes no sense--as a matter of law
or logic," it said. Therefore, relevant conduct cannot
include acts of which the defendant was aquitted, or
not found by the grand jury. "After Apprendi, the focus
was on whether a given sentence -exceeded what the jury
verdict (or plea) authorized." it explained. "[W]hen a
Court considering facts that the grand jury & or petit
jury verdict not only failed to authorize; it considers
facts of which the jury expressly disapproved," it said.
The Court added: "Even if Watts emerged unscathed ʼfrom
Booker, and a judge may consider all facts, including
acquitted conduct & conduct not found by the grand jury
the standard of proof to be applied should be: "Beyond
A Reasonable Doubt." The Bottom Line: Nothing in Booker,
compels a preponderance standard of proof for enhancement
facts in the advisory guideline calculation, & it can be

(8)

argued that the: "Beyond A Reasonable Doubt Standard
is appropriate, particularly for substantial enhance-
ments or those based on uncharged or conduct not
presented in the indictment or proven beyond a reason-
able doubt standard of proof. Also see:
United States v. Antonakopoulos, 399 F.3d 68
(1st Cir. Feb. 22, 2005); That Booker, automatically
required resentencing because the Sentencing Court Rather
than the Jury Made The Factual Findings Which Enhanced
his Sentence.

See also: United States v. Kelly, 355  F.SUPP.2d 1031
(D.Neb.2005) Key #9 page 1039:

Although a misallocation of factfinding responsibility
(judges versus jury) does not warrant retroactive
application. Schiro v. Summerlin,    U.S.   ,    ,
124 S.Ct. 2519, 2523, 159 L.Ed.2d 442 (2004), the
same cannot be said for the retroactivity of application
of the preponderance of evidence standard as opposed to
a reasonable doubt standard. See:
Hankerson v. North Carolina, 432 U.S. 233, 97 S.Ct.
2339, 53 L.Ed.2d 306 (1977) (giving retroactive effect
to rule requiring proof of all elements of crime beyond
a reasonable doubt & voiding presumptions that shifts
the burden of proof to defendant); See:
Ivan v. City of New York, 407 U.S. 203, 205, 92 S.Ct
1951, 32 L.Ed.2d 659 (1972) (holding that the purpose
of a reasonable doubt standard is to overcome an aspect
of a criminal trial that impairs the truth-finding funct-
ion, and Winship, is thus to be given complete retro-
active effect"). Application of a lower standard of
proof may be an error that significantly affects fact-
finding accuracy & undermines society's confidence in
the result.

Additionally the District Court Lacked Jurisdiction
To Enhance Petitioner: Ranger's Sentence, Without
The Grand Jury's Findings & Via: The Preponderance of
The Evidence Low Standard of Proof:

Argument: The Reasonable Doubt Standard is a "Bedrock

(9)

Procedural Element Essential To Fairness." <u>Sullivan</u>
<u>v. Louisiana</u>, 508 U.S. 275, 113 S.Ct. 2068, 124
L.Ed.2d 182 (1993). <u>In Re Winship</u>, 397 U.S. 358,
363, 90 S.Ct. 1068,___,25 L.Ed.2d 368 (1970).
The pleading requirement, which held "The indictment
must contain an allegation of every fact which is
legally essential to the punishment to be inflicted."
Was also violated in <u>Ranger</u>, supra. <u>Also</u> <u>see</u>
<u>United States v. Reese</u>, 92 U.S. 214, 231-33, 23 L.Ed.
565 (1875). Thus, this issue is not new rule.
 This case requires us to apply the rule we expressed
in: <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000);
  "Other than the fact of prior convictions, "ANY"
  (which includes Drug Amounts) fact that increases the
  the penalty for a crime beyond the--prescribed statutory
  maximum must be submitted to a jury, (including the
  Grand Jury) and proved beyond a reasonable doubt."
This was decided well before <u>Ranger</u>, supra's case
was decided at sentencing, thus, applies: "Retroactively."
This rule reflects two longstanding tenets of Common
Law Criminal Jurisprudence : that the "truth of every
accusation" against a defendant: <u>Ranger</u>, supra, should
afterwards be confirmed by the unanimous suffrage of
twelve of his equal; neighbouts," 4 W. Blackstone,
Commentaries on the Laws of England 343 (1769), and that

(10)

"an accusation which lacks any particular fact which
the law makes essential to the punishment is no
accusation within the requirements of the Common Law,
and it is no accusation in reason," 1 J. Bishop, Crim-
inal Procedure §87, p. 55 (2d ed.1872). See also:
Aversa v. United States, 99 F.3d 1200 (1st Cir.1996);
Lillard v. Shelby County BD of Educ., 76 F.3d 716
(6th Cir.1996);

Rochin v. California, 342 U.S. 165, 96 L.Ed. 183,
72 S.Ct. 205 (1952); Substantive Due Process refers
to certain actions that the government may not engage
in no matter how many procedural safeguards it employs.
Fifth Amendment: Government conduct that "Shocks The
Conscience" violates the Fifth Amendment of the United
States Constitution's guarantee against deprivation of:
"Life, Liberty, or Property, without Due Process of Law."
Ranger, enjoys his basic due process rights against gross
physical abuse. See: Amanullah v. Nelson, 811 F.2d 1, 9
(1st Cir.1987); Lynch v. Cannatella, 810 F.2d 1363, 1374
(5th Cir.1987); United States v. U.S. District Court
For The Central District of California, 858 F.2d 534
(9th Cir.1998); "If the government, police & prosecutors
could always be trusted to do the right thing, there
would have never been a need for the "Bill of Rights."

(11)

Pursuant to Apprendi, supra, which was decided well
before Petitioner: Ranger, was sentenced thus, its full
force of retroactivity-----clearly applies to Ranger,
as Court has followed. See: This principle was clearly
established well before Ranger's case concluded. See:
Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir.1988),
which supports the above argument in Ranger, supra.

Hence, The Teague Doctrine does not apply to Ranger.
It is  axiomatic that a statute is trumped by a const-
itutional right. See  Marbury v. Madision, 5 U.S. 137,
138 (1803);

Federal Corp.. Insurance v. Merrill, 332 U.S. 380, 92
L.Ed. 10, 68 S.Ct. 1, 175 ALR 1075 (1947); Failure for
the government & its representatives: AUSA: Todd E.
Newhouse to answer is silence. Silence can only be
equated with FRAUD  where there is a legal, or moral
duty to speak, or when an inquiry left unanswered would
be intentionally misleading.

United States v. Tweel, 550 F.2d 297 (5th Cir.1977);
As said long ago by the great Justice: Story, in:

Provost v. Gratz, 6 Wheat 481, 497; 5 L.Ed. 311, 315,
"It is certainly true that length of time is no bar
to a trust clearly established; & in the case where
FRAUD is imputed & proved, length of time ought not,
upon principles of eternal justice, to be admitted
to repel relief. On the contrary, it would seem
that the length of time during which the FRAUD has
been successfully concealed & practiced, is rather an
agravation of the offense, & calls more loudly upon
a Court of Equity to grant ample & decisive relief."

(12)

RELIEF REQUESTED

Petitioner: Ranger, requests the following relief:

1.  Since the United States failed to indict Ranger
    via: specific amount of drugs within the indict-
    ment, Petitioner: Ranger, was illegally sentenced
    thus, the Court lacked jurisdiction to enhance
    Petitioner: Ranger's sentence, thus, that enhance-
    ment should be precluded.

2.  Apply Apprendi, supra 's rules since, Petitioner:
    Ranger, was sentence after Apprendi became law,
    thus, this indictment was in violation of the
    Apprendi, Rule. As the Rule in Blakely, stated
    by the United States Supreme Court, that the
    district Court's as well as the U.S. Court of
    Appeals, has been misapplying the Apprendi, rule
    via: both Sentencing & via: Appeals issues, by
    stating that Apprendi, does not apply to enhancements
    in which the Supreme Court states that Apprendi,
    always applied to enhancements-not found by the
    Grand Jury & **or** Petit Jury beyond a Reasonable
    Doubt, as seen in Blakely v. Washington, 124 S.Ct.
    2531 (2004), failed to have material sentencing
    facts considered by jury, such as drug amounts in
    the grand jury indictment & prior convictions.
    also see: U.S. v. Mangone, 105 F.3d 29, 36 (1st Cir.
    1997); (plain error to fail to provide defendant
    with notice); See: Fed.R.Crim.P. Rule 52(b),
    ("A plain error that affects substantial rights
    may be considered even though it was not brought
    to the Court's attention."). Thus, Ranger, is
    supported with the above case laws.

3.  Accordingly, Petitioner: Ranger's level based on:
    U.S.S.G. §4B1.1 directs that the offense level is
    determined by the offense statutory maximum, in
    which in this instance, is 37 months. Pursuant to:
    4B1.1(b)(a) the corresponding offense level is 12,
    (30-37 months). Three points are deducted for Accept-
    ance of Responsibility, which brings us to level
    9, (21-27 months). In which Petitioner: Ranger,
    requests that this case be reversed & remanded back
    to the District Court consistent with the above
    methodology. Thus, Petitioner has demonstrated that
    a reasonable jurists would find the district Court's
    assessment of the constitutional claims, supra,
    debatable or wrong." Slack v. McDaniel, 529 U.S.
    473, 484 (2000). Hence this COA be granted.

(13)

CONCLUSION

WHEREFORE, for all of the above stated reasons with supportive facts & memorandum of law, Petitioner: Ranger, requests that this Honorable Court Grant this Application for a Certificate of Appealability (COA) In the Interest of Justice.

Respectfully Submitted By
Petitioner/Claimant/Affiant:

*Michael Ranger*

Pro Per In          Michael Ranger          Signed under
Propria               90760-038             18 U.S.C.
Persona              USP Canaan             §1623 &
Proceeding          P.O. Box 300            28 U.S.C.
Sui Juris           Waymart, PA             §1746.
                       18472

CERTIFICATE OF SERVICE

I, Petitioner/Claimant/Affiant: Michael Ranger, Pro Per In Propria Persona Proceeding Sui Juris, hereby certify that the foregoing legal court document was sent via: United States Mail, Postage Prepaid on this day 9 , of January 2006, to the following:

Honorable: Michael A. Ponsor        AUSA: Todd E. Newhouse
U.S. District Court Judge           U.S. Attorneys Office
District of Massachusetts           D. Massachusetts
United States Courthouse            1550 Main Street
1550 Main Street                    Suite 310
Spingfield, Massachusetts           Springfield, Massachusetts
01103                               01103

Sarah A. Thornton
U.S. Clerk of Courts
Clerk's Office
United States Courthouse
District of Massachusetts
1550 Main Street
Springfield, Massachusetts
01103

*Michael Ranger*
Michael Ranger

(14)