MANDATE

# United States Court of Appeals
## For the First Circuit

04-30240
USDC/MA
Judge Ponsor

No. 05-2688

MICHAEL RANGER,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lipez, Circuit Judge.

JUDGMENT

Entered: April 5, 2006

  Petitioner Michael Ranger was sentenced to 151 months imprisonment after pleading guilty to federal drug charges. His sentence was calculated under the United States Sentencing Guidelines, and greatly enhanced by his 'career offender' status. U.S.S.G. § 4B1.1. Petitioner now seeks relief under 28 U.S.C. § 2255, claiming that the charges as stated in his indictment should have yielded a much shorter sentence. The district court denied his petition and his request for a certificate of appealability. He has now applied to this court for a certificate of appealability.

  At the heart of the U.S. Sentencing Guidelines is a schematic table that intersects a crime's 'offense level' with an offender's 'criminal history category' to determine a 'sentencing range' that is expressed in months. U.S.S.G. ch. 5, part A (Sentencing Table). Under the 'career offender' provisions of the U.S. Sentencing

Guidelines, a defendant's criminal history category is always 'VI', the highest, while his crime's 'offense level' is always correlated to the maximum amount of prison time that is authorized in the text of the statute under which he has been convicted. U.S.S.G. § 4B1.1(b)(containing a chart that correlates "offense level" to "offense statutory maximum").

The statute under which Petitioner was convicted is 21 U.S.C. § 841. The maximum amount of prison time that this statute allows for petitioner's crime -- possession with intent to distribute of an unspecified amount of cocaine base -- is twenty years. 21 U.S.C. § 841(b)(1)(C). Under U.S.S.G. § 4B1.1(b), a career offender who commits a crime carrying a maximum sentence of twenty years or more, but less than twenty-five years, is assigned an offense level of thirty-two. Because Petitioner pled guilty in a timely fashion, U.S.S.G. § 3E1.1, his 'offense level' was reduced by three points -- to level twenty-nine. On the Sentencing Table, petitioner's criminal history category of VI and offense level of 29 intersected at a sentencing range of 151-188 months. The district court sentenced him at the very bottom of this range.

In his collateral challenge, Petitioner contends that the statutory maximum sentence defining his offense level for 'career offender' purposes should have been determined by cross-reference to the U.S. Sentencing Guideline provision on the offense level corresponding to the crimes to which he pled guilty. Such cross-reference would adduce an offense level of twelve. U.S.S.G. § 2D1.1(a)(3) & (c)(14). He would then have the court reduce this offense level by three points for his acceptance of responsibility by guilty plea, resulting in an offense level of nine. This offense level would correlate with a sentencing range of twenty-one to twenty-seven months for an offender in criminal history category VI on the Sentencing Table.

Petitioner's interpretation of the 'career offender' provisions of the U.S. Sentencing Guidelines would blot out the offense level dictated by U.S.S.G. § 4B1.1(b) as per the statutory twenty-year maximum to which petitioner was subject under 21 U.S.C. § 841(b)(1)(C) and replace it with an 'offense level' borrowed from U.S.S.G. § 2D1.1. This is an error. The 'statutory maximum' referenced in U.S.S.G. § 4B1.1(b) is the maximum stated in the text of the statute under which the career offender has been convicted. The provision of U.S.S.G. § 2D1.1 that petitioner cites is irrelevant to sentencing career offenders like him.

Petitioner's contention that a contrary result is dictated by <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) has no merit. His sentence is fully supported by the charges to which he pled guilty and his criminal record, without reference to any uncharged conduct.

    The district court calculated Petitioner's sentencing range correctly and sentenced him accordingly. The petition presents no substantial issue for appeal, so the request for a certificate of appealability is <u>denied</u> and the appeal is <u>terminated</u>.

                By the Court:

                Richard Cushing Donovan, Clerk.

**MARGARET CARTER**

By: _____
       Chief Deputy Clerk.

Certified and issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

_____
Deputy Clerk

Date: 6/14/06

[cc: Michael Ranger, Todd Newhouse, AUSA, Dina Chaitowitz, AUSA]